Curtis Martin
Attorney at Law
263 S. Alaska St.
Palmer, AK 99645
Phone: (907) 746-9800
Fax: (907) 746-9802
curt@curtmartinlaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JASON MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART SUPERCENTER STORE # 2074, A.K.A, WALMART INC., A.K.A. WAL-MART ASSOCIATES, INC., A.K.A. WAL-MART<br><br>    Defendants. | Case No.: 3:22-cv-00153-JWS |

## **FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, JASON MARTIN, claimant herein, by and through his attorney, The Law Offices of Curtis W. Martin, and hereby complains and alleges as follows:

### JURISDICTION AND VENUE

1. At all times relevant herein, Plaintiff Jason Martin was a resident of the Third Judicial District, State of Alaska.

2. Upon information and belief, and for all times relevant to this action Defendant, Walmart is a US corporation, registered under the laws of the State of Alaska and authorized to

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
First Amended Complaint
3:22-cv-00153-JWS

Page 1

Case 3:22-cv-00153-SLG  Document 16  Filed 09/27/22  Page 1 of 10

transact business in the State of Alaska, regularly engages in that practice in the Third Judicial District, State of Alaska.

3. Upon information and belief Defendant, Walmart's physical address is 1350 S. Seward Meridian PKWY, Wasilla, AK 99654 and mailing address of 702 SW 8th St., Bentonville, AR 72716-0500.

4. The act giving rise to each cause of action occurred in the Third Judicial District of Alaska.

5. The Court has subject matter jurisdiction over this action.

6. The Court has personal jurisdiction over the parties to this action.

7. Venue is proper in this Court.

## ALLEGATIONS

8. On or about March 10, 2020, Plaintiff while at Walmart, was injured when he slipped and fell on ice, which was allowed to accumulate and remain, while on Walmart premises. Plaintiff fell onto the concrete and was seriously injured; injuries required surgical intervention, and significant loss of employment.

## FIRST CAUSE OF ACTION
### Count I- Tort of Negligence

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. At the aforesaid time and place Plaintiff was lawfully on said premises.

11. That at the time and place aforesaid, the Defendant individually and/or by and through its agents, servants and/or employees, recklessly or negligently maintained, operated or controlled said premises as to cause the Plaintiff to be injured thereon.

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
First Amended Complaint
3:22-cv-00153-JWS

Page 2

Case 3:22-cv-00153-SLG   Document 16   Filed 09/27/22   Page 2 of 10

12. At the aforesaid time and place the Defendant individually and/or by and through its agents, servants and/or employees, failed to exercise proper care in maintaining the said area in a safe condition.

13. The condition of said area constituted a dangerous hazard of the premises.

14. Defendant individually and/or by and through its agents, servants and/or employees created the subject condition that caused the premises to be unsafe which constituted a dangerous hazard.

15. Defendant individually and/or by and through its agents, servants and/or employees knew, or by the exercise of ordinary care, should have known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by patrons.

16. Defendant individually and/or by and through its agents, servants and/or employees failed to correct said conditions.

17. The subject condition existed for such a length of time that the Defendant individually and/or by and through its agents, servants and/or employees should have discovered and corrected it prior to the slip-and-fall incident in question.

18. Defendant individually and/or by and through its agents, servants and/or employees knew or should have known that the subject conditions were foreseeable and failure to correct the condition created a danger which constitutes negligence on the part of the Defendant.

19. The subject condition existed for such a length of time that the Defendant should have discovered and corrected it prior to the slip and fall incident in question.

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
First Amended Complaint
3:22-cv-00153-JWS

Page 3

Case 3:22-cv-00153-SLG   Document 16   Filed 09/27/22   Page 3 of 10

20. Defendant knew or should have known that the subject conditions were foreseeable and failure to correct the condition created a danger which constitutes negligence on the part of the Defendant.

21. At the aforesaid time and place, the Defendant individually and/or by and through its agents, servants and/or employees had a duty to maintain the aforementioned premises including the walkways, entrance and exits to said premises, in a reasonably safe condition and in such a manner such that areas would not become and/or cause a slip hazard thereby safely maintaining areas for persons lawfully on said premises, to include the Plaintiff herein.

22. At the aforesaid time and place the Defendant individually and/or by and through its agents, servants and/or employees, disregarding said duty caused the walkways, entrance and exits to said premises and/or failed to properly maintain, clean, remove, clear the aforementioned walkways, entrance and exits on the aforementioned premises, allowing and/or causing the walkways, entrance and exits to render the walkways, entrance and exits dangerously unsafe for use, and as a result of this dangerous condition, the Plaintiff fell.

23. At the aforesaid time and place the Defendant as the maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned walkways, entrance and exits on the premises.

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
First Amended Complaint
3:22-cv-00153-JWS

Page 4

Case 3:22-cv-00153-SLG   Document 16   Filed 09/27/22   Page 4 of 10

b. Failed to remove obstacles in the walkways, entrance and exits of the premises for an unreasonable length of time.

c. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff.

d. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises.

e. Allowed the aforementioned premises to remain in a dangerous condition, making the walkways, entrance and exits unfit for passage, for an unreasonable length of time.

f. Caused and/or created said unnatural circumstance that the walkways, entrance and exits were unsafe for passage for an unreasonable length of time.

g. Failed to perform an inspection of the conditions in a manner such as to avoid the creation of obstacles in the walkways, entrance and exits.

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
First Amended Complaint
3:22-cv-00153-JWS

       h.       Failed to inspect the conditions in a manner such as to avoid the creation of obstacles in the walkways, entrance and exits in accordance with custom and practice in the industry resulting in said accident.

       i.       Was otherwise careless and negligent in the operation of its premises.

24. The condition of the walkways, entrance and exits constituted a dangerous hazard of the premises.

25. That the Defendants are liable to Plaintiff for his damages.

## SECOND CAUSE OF ACTION
### Count II- *Respondeat Superior*

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. Upon information and belief at all times relevant hereto, Defendant Walmart employed persons as agents, servants and/or employees of Defendant Walmart.

28. The above-described acts of said persons, agents, servants and/or employees were committed within the scope of employment with Defendant Walmart, in that they were committed while on duty and in furtherance of Defendant Walmart business.

29. Defendant Walmart is responsible for all the negligent acts committed by its agents, servants and/or employees within the scope of said employment.

30. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant's agents, servants and/or employees. As a result of the aforementioned conduct and breach of care by the Defendant, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

First Amended Complaint
3:22-cv-00153-JWS

31. Defendant Walmart;

    a.    employed incompetent, inexperienced, unskilled or careless agents, servants and/or employees;

    b.    failed to exercise proper supervision of said agents, servants and/or employees in maintaining the said area in a proper, safe condition, thereby causing serious injuries to the Plaintiff, as herein alleged;

    c.    at the time and place aforesaid, knew or should have known of the existence of the dangerous walking environment and fall hazard;

    d.    failed under its duty to both maintain the area or warn invitees of said dangerous condition;

32. Walmart's agents, servants and/or employees knew or should have known;

    a.    of the existence of the "dangerous environment" in the area;

    b.    they had a duty to maintain the said area in a reasonably safe condition;

    c.    the area was used for invitees' use, and to maintain the said area carelessly and negligently, it was foreseeable that the conditions the employees created were, in fact, a hazard, and that said conditions could cause invitees to fall violently, potentially causing substantial injuries to invitees.

33. Defendant Walmart is responsible for all the negligent acts committed by its agents, servants and/or employees within the scope of their employment.

34. Defendant Walmart is liable for the significant physical/personal injuries to Plaintiff caused by Walmart's agents, servants and/or employees.

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

35. That as a direct and proximate result of the said negligence by Defendant, and/or their agents, servants and/or employees the Plaintiff has suffered bodily injury, and resulting pain and suffering, disability, mental anguish and loss of earnings and has incurred substantial medical expenses for treatment and care, past, present and future. Said losses, injuries, and expenses are either permanent or continuing in nature and Plaintiff will continue to suffer same in the future.

36. As a result of the aforesaid conduct and breach of care of the Defendant, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

37. Defendant is liable to Plaintiff for all damages as a result of their negligence.

## PRAYER FOR RELIEF

WHEREFORE, having fully pled Plaintiff's complaint, Plaintiff requests a judgment against Defendants for an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND) to be established by the trier-of-fact, plus prejudgment interest, post judgment interest, costs and Rule 82 attorney's fees as provided by law, and such other relief as the court deems just.

DATED this 23 day of September, 2022.

_____
Curtis Martin, Esq. ABA # 0311060
Attorney for Plaintiff, Jason Martin

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
First Amended Complaint
3:22-cv-00153-JWS

Page 8

Case 3:22-cv-00153-SLG   Document 16   Filed 09/27/22   Page 8 of 10

**CERTIFICATE OF SERVICE**
This is to certify that on the
23rd day of September, 2022, a true and correct
copy of the foregoing document was mailed and/or emailed to:

Kenneth Gutsch
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501
Kgutsch@richmondquinn.com

By:    /s/ Melissa Herring

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
First Amended Complaint
3:22-cv-00153-JWS

Page 1

Curtis Martin
Attorney at Law
263 S. Alaska St.
Palmer, AK 99645
Phone: (907) 746-9800
Fax: (907) 746-9802
curt@curtmartinlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JASON MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART SUPERCENTER STORE # 2074, A.K.A, WALMART INC., A.K.A. WAL-MART ASSOCIATES, INC., A.K.A. WAL-MART<br><br>    Defendants. | |

Case No.: 3:22-cv-00153-JWS

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that plaintiff, Jason Martin demands a trial by jury in the above-entitled action.

DATED this 27 day of September, 2022.

_____
Curtis Martin, Esq.  ABA# 0811060
Attorney for Plaintiff, Jason Martin

**Curtis Martin**
Attorney at Law
263 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

MARTIN v. WAL-MART, ET AL.
Demand for Jury Trial
3:22-cv-00153-JWS

Page 1

Case 3:22-cv-00153-SLG   Document 16   Filed 09/27/22   Page 10 of 10