IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON MARTIN,<br><br>        Plaintiff,<br><br>        v.<br><br>WALMART SUPERCENTER STORE #2074, AKA WALMART INC., AKA WAL-MART ASSOCIATES, INC., AKA WAL-MART,<br><br>        Defendant and<br>        Third-Party Plaintiff,<br><br>        v.<br><br>CBRE, INC., VALLEY CAPITAL, INC. and DENALI INDUSTRIAL, LLC,<br><br>        Third-Party Defendants. | Case No. 3:22-cv-00153-SLG |

## ORDER RE ALL PENDING MOTIONS

      Before the Court at Docket 53 is third-party Defendant CBRE, Inc.'s ("CBRE") Motion to Dismiss Walmart, Inc.'s ("Walmart") Third-Party Complaint for lack of subject matter jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3).[1] The motion is fully briefed.[2] Oral

---

[1] *See also* Docket 54 (Mem. in Support of CBRE's Mot. to Dismiss); Docket 55 (Aff. in Support of CBRE's Mem. and Mot. to Dismiss); Docket 56 (Decl. of Robert P. Blasco in Support of CBRE's Mot. to Dismiss).

[2] *See* Docket 69 (Walmart's Resp. in Opp'n to Mot. to Dismiss); Docket 70 (CBRE's Reply to Resp. in Opp'n to Mot. to Dismiss).

argument was held on October 13, 2023.[3] Walmart subsequently filed a Conditional Motion to Amend its Third-Party Complaint at Docket 79, to which CBRE filed a response at Docket 80 and Walmart replied at Docket 84.

## BACKGROUND

Jason Martin sued Walmart in Alaska state court for negligence after he slipped and fell on ice on a sidewalk outside a Walmart store in Wasilla, Alaska.[4] Walmart removed the action to federal court invoking diversity jurisdiction.[5] Walmart then filed a third-party complaint against CBRE, alleging that it contracted with CBRE to maintain the sidewalk.[6] In the third-party complaint, Walmart alleges that CBRE breached the Master Services Agreement ("MSA") between Walmart and CBRE "by failing to agree to fully defend and indemnify Walmart against Mr. Martin's claims without reservation."[7] Walmart also asserts that CBRE breached

---

[3] Docket 78.

[4] Docket 1-1 at 1-2; Docket 26 at ¶ 8.

[5] Docket 1 at 1-3.

[6] Docket 26 at ¶¶ 8, 11, 20-22. Walmart sued two additional third-party defendants in its third-party complaint.

[7] Docket 26 at ¶ 31. CBRE's insurance company accepted Walmart's tender of defense and indemnity regarding Mr. Martin's complaint and agreed to provide Walmart's defense to Mr. Martin's claims, except to the extent that Walmart was negligent. Docket 55-2 at 1-2. The MSA provided that "Contractor shall protect, defend, hold harmless and indemnify Walmart, its affiliates, officers, directors, employees and agents, from and against any and all lawsuits, claims, demands, actions, liabilities, losses, damages, costs and expenses . . . that may be asserted by any third party, to the extent arising from or related to . . . (ii) death of, or injury to, any person, damage to any property, or any other damage or loss, by whomsoever suffered, to the extent resulting from Contractor's performance of the Services or this Agreement[.] . . . Notwithstanding the foregoing, or anything to the contrary in this Agreement, Contractor shall not be liable to indemnify Walmart for claims to the extent resulting from Walmart's negligence or wrongful acts, or premises claims unrelated to Contractor's Services." Docket 55-1 at 5.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 2 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 2 of 18

the MSA "[i]f the jury finds that the area of Mr. Martin's slip and fall was not reasonably maintained and CBRE, Inc. did not have a valid service agreement with [another third-party defendant]."[8] And Walmart maintains that "if the jury finds that the subject lot was not reasonably maintained and proximately caused Mr. Martin's injuries . . . CBRE, Inc. must have their share of the fault apportioned pursuant to [Alaska Statute ("AS")] § 09.17.080 and AS § 09.17.900 in failing to comply with, or to ensure compliance with[,] the terms and conditions of the [MSA]."[9]

CBRE filed an answer to Walmart's third-party complaint[10] and subsequently filed a motion to dismiss the third-party complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3).[11] CBRE seeks to enforce a forum-selection clause in the MSA requiring that "any action, suit, or proceeding concerning [the MSA] or any Scope of Work shall be brought only in the federal or state courts of Arkansas."[12] CBRE asserts that Walmart's breach of contract and apportionment of fault claims fall within the scope of the forum-selection clause because they are both premised on the MSA and the forum-selection clause is mandatory.[13]

---

[8] Docket 26 at ¶ 36.

[9] Docket 26 at ¶ 47.

[10] Docket 49.

[11] Docket 53.

[12] Docket 55-1 at 8 (MSA); *see* Docket 54 at 1-2.

[13] Docket 54 at 5-6.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 3 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 3 of 18

In response, Walmart opposes CBRE's motion to dismiss only as to the claim for apportionment of fault under AS § 09.17.080.[14] Walmart argues that its claim for apportionment of fault is not a claim based on the MSA; rather, it maintains that AS § 09.17.080 provides a separate statutory cause of action.[15] In reply, CBRE argues that Walmart conceded the dismissal of its breach of contract claim and therefore that claim should be dismissed.[16] Regarding the apportionment claim, CBRE contends that AS § 09.17.080 does not create a statutory cause of action, rather it is a "statutory procedure to allocate fault."[17] CBRE asserts that, because the only basis for CBRE's liability to Walmart is through the MSA, the Court should enforce the forum-selection clause and dismiss the third-party complaint.[18]

## SUBJECT MATTER JURISDICTION

Walmart asserts that the Court has ancillary jurisdiction over its third-party claims.[19] The Court has an independent obligation to satisfy itself that it has

---

[14] *See* Docket 69.

[15] Docket 69 at 2-3.

[16] Docket 70 at 2.

[17] Docket 70 at 3, 12.

[18] Docket 70 at 4-5

[19] Docket 26 at ¶ 6. CBRE suggests that the Court lacks subject matter jurisdiction in the title to its motion to dismiss; however, CBRE contends that the Court should enforce the forum-selection clause in the MSA and dismiss the third-party complaint on that basis without making any other jurisdictional arguments.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 4 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 4 of 18

subject matter jurisdiction.[20] Pursuant to 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction over civil actions when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Walmart is incorporated in Delaware and has its principal place of business in Arkansas.[21] Mr. Martin, the plaintiff in the underlying case, is a resident of Alaska.[22] And Mr. Martin's complaint seeks damages over $75,000.[23] Accordingly, this Court has diversity jurisdiction over the underlying case.

This Court may exercise supplemental jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1367(a) because Walmart's claims against CBRE and Mr. Martin's claims against Walmart derive from a common nucleus of operative fact.[24]

---

[20] *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

[21] Docket 1 at 2.

[22] Docket 1 at 2.

[23] Docket 16 at 8.

[24] *Trustees of Constr. Indus. and Laborers Health and Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotation marks omitted). 28 U.S.C. § 1367(b) provides that "[i]n any civil action of which the district courts have original jurisdiction founded solely on [diversity jurisdiction], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . . of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [diversity jurisdiction]." Even though both Walmart and CBRE are incorporated in Delaware, *see* Docket 49 at ¶ 3 (CBRE's Answer admitting Walmart's allegation at Docket 23 ¶ 3 that CBRE is incorporated in Delaware and has its principal place of business in Texas), this Court can exercise supplemental jurisdiction over the third-party complaint because "'plaintiff' in § 1367(b) refers to the original plaintiff in the action - not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff," *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 5 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 5 of 18

## FORUM-SELECTION CLAUSES

CBRE seeks to enforce the MSA's forum-selection clause through Rule 12(b)(3), which provides for the dismissal of an action when there is improper venue.[25] But the Supreme Court has held that Rule 12(b)(3) is "not [a] proper mechanism[] to enforce a forum-selection clause" when venue is otherwise proper under 28 U.S.C. § 1391(b).[26] CBRE does not argue that the District of Alaska is an improper venue under § 1391(b). Hence, Rule 12(b)(3) is inapplicable.

A forum-selection clause that "point[s] to a particular federal district" is enforceable "through a motion to transfer under [28 U.S.C.] § 1404(a)."[27] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."[28] "For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.'"[29] Here, the forum-selection clause

---

[25] Docket 53.

[26] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 57, 61 (2013).

[27] *Id.* at 59. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[28] *Id.* at 60 (citation omitted).

[29] *Id.* at 60-61 (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 6 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 6 of 18

identifies "the federal or state courts of Arkansas,"[30] not solely a particular federal district.[31] Accordingly, the Court will analyze CBRE's motion under the doctrine of *forum non conveniens*.

"[B]oth § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, [therefore] courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."[32] Generally, when the parties are bound by a valid forum-selection clause, a district court should enforce the clause either through transfer pursuant to § 1404(a) or by dismissal pursuant to *forum non conveniens*.[33] The plaintiff carries the burden of showing why a court should not enforce the forum-selection clause.[34] The reviewing court "must deem all factors relating to the private interests of the parties . . . as weighing 'entirely in favor of the preselected forum,'" and "[w]hile a court may consider factors relating to the public interest . . . , those factors will rarely defeat a transfer motion" or dismissal pursuant to *forum non conveniens*.[35] "The

---

[30] Docket 55-1 at 8.

[31] Arkansas has two federal district courts. *See* An Act to Divide the District of Arkansas into two Judicial Districts, 9 Stat. 594 (1851).

[32] *Atl. Marine Constr. Co.*, 571 U.S. at 61 (citation omitted).

[33] *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087, 1093 (9th Cir. 2018) (affirming dismissal of complaint pursuant to forum-selection clause under doctrine of *forum non conveniens*).

[34] *Id.* at 1087.

[35] *Id.* at 1087–88 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 64).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 7 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 7 of 18

practical result is that a forum-selection clause 'should control except in unusual cases'" and "'[o]nly under extraordinary circumstances unrelated to the convenience of the parties' should a motion to enforce a forum-selection clause be denied."[36]

## DISCUSSION

### I. Applicability of the Forum-Selection Clause

The Court first determines whether the MSA's forum-selection clause applies to Walmart's claims.[37] Courts "apply federal contract law to interpret the scope of a forum-selection clause even in diversity actions."[38] The forum-selection clause in the MSA provides that "any action, suit, or proceeding concerning [the MSA] or any Scope of Work shall be bought only in the federal or state courts of Arkansas."[39] CBRE asserts that both of Walmart's claims fall within the scope of the forum-selection clause because they arise solely because of the MSA.[40]

---

[36] *Id.* at 1088 (alteration in original) (first quoting *Atl. Marine Constr. Co.*, 571 U.S. at 64; and then quoting *Atl. Marine Constr. Co.*, 571 U.S. at 62).

[37] *See id.* at 1086 ("We first address the . . . argument that the . . . forum-selection clause does not apply to the[] complaint."); *see also Atl. Marine Constr. Co.*, 571 U.S. at 62–63 (explaining that analysis under 28 U.S.C. § 1404(a) or doctrine of *forum non conveniens* is appropriate "when the parties' contract contains a valid forum-selection clause").

[38] *Sun*, 901 F.3d at 1086 (citations omitted).

[39] Docket 55-1 at 8.

[40] Docket 54 at 5-6.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 8 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 8 of 18

Walmart counters that its claim for apportionment of fault is not a claim based on the MSA; rather, AS § 09.17.080 provides a separate statutory cause of action.[41]

"'Concerning' means 'relating to[.]'"[42] "[F]orum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement."[43] "The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract."[44] Walmart's breach of contract claim is based on the MSA, so that claim concerns the MSA and is squarely within the scope of the forum-selection clause. And Walmart's claim for apportionment has a logical or causal connection to the MSA, as fault will only be apportioned to CBRE if Walmart can show that CBRE failed to remove snow and ice from Walmart's premises according to the terms of the MSA. Accordingly, the Court finds that the claims in the third-party complaint relate to the MSA and that the forum-selection clause in the MSA applies to both claims.

## II. Enforceability of the Forum-Selection Clause

---

[41] Docket 69 at 2-3.

[42] *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1759 (2018) (citation omitted).

[43] *Sun*, 901 F.3d at 1086 (quoting *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997)).

[44] *Id.* at 1086 (citing *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011)).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 9 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 9 of 18

CBRE contends that the forum-selection clause is valid and enforceable because Walmart has not overcome the presumption of validity accorded to a forum-selection clause.[45]

> [A] forum-selection clause [is] controlling unless the plaintiff [makes] a strong showing that (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court."[46]

### a. Strong Public Policy

"[I]n order to prove that enforcement of [a forum-selection clause] 'would contravene a strong public policy of the forum in which suit is brought,' the plaintiff must point to a statute or judicial decision that clearly states such a strong public policy."[47] Walmart argues that Alaska has a strong public policy requiring all parties to be joined in a tort action in order to apportion fault[48] and AS § 09.17.080 provides the statutory mechanism for a defendant to seek an apportionment of fault as to other liable parties.[49]

---

[45] Docket 54 at 8-13.

[46] *Sun*, 901 F.3d at 1088 (third alteration in original) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

[47] *Id.* at 1090 (quoting *M/S Bremen*, 407 U.S. at 15).

[48] Docket 69 at 3-7 (citing *Alaska Gen. Alarm, Inc. v. Grinnell*, 1 P.3d 98 (Alaska 2000)).

[49] Docket 69 at 5-6.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 10 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 10 of 18

"Before 1986, Alaska followed the rule of joint and several liability, which allowed a plaintiff to recover all damages from one named defendant; that defendant could then seek reimbursement from other at-fault parties by filing an action for contribution within one year of judgment."[50] "[T]he 'Tort Reform Ballot Initiative' . . . approved by Alaskan voters on November 8, 1988, . . . amended AS § 09.17.080(d) . . . and repealed AS § 09.16.010, which provided for a right to contribution among tortfeasors."[51]

Section § 09.17.080 currently provides

(a) In all actions involving fault of more than one person, including third-party defendants and persons who have settled or otherwise been released, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating
    (1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
    (2) the percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for the damages unless the person was identified as a potentially responsible person, the person is not a person protected from a civil action under AS 09.10.055, and the parties had a sufficient opportunity to join that person in the action but chose not to; in this paragraph, "sufficient opportunity to join" means the person is
        (A) within the jurisdiction of the court;
        (B) not precluded from being joined by law or court rule; and
        (C) reasonably locatable.
. . .
(d) The court shall enter judgment against each party liable on the basis of several liability in accordance with that party's percentage of fault.

---

[50] *Alaska Gen. Alarm, Inc.*, 1 P.3d at 100 (citing Alaska Stat. § 09.16.010-.060 (1970)).

[51] *Benner v. Wichman*, 874 P.2d 949, 955 (Alaska 1994).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 11 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 11 of 18

"'[P]arty' for purposes of AS [§] 09.17.080(d) means parties to an action, including third-party defendants and settling parties[.]"[52] The Alaska Supreme Court has "interpreted this provision to require that 'third parties must be joined for purposes of allocating fault and liability, or not at all.'"[53] But "AS [§] 09.17.080 itself establishes 'no . . . procedure to allow named defendants to allocate fault to potentially responsible parties that the plaintiff ha[s] not sued.'"[54] In *Benner v. Wichman*, the Alaska Supreme Court addressed this procedural gap, "conclud[ing] that, absent any explicit statutory procedure, defendants must be allowed to file third-party claims for equitable apportionment against other potentially responsible parties."[55] Thereafter, Alaska Rule of Civil Procedure 14(c) provided the procedure for defendants to add third-party defendants to apportion damages pursuant to AS § 09.17.080.[56]

In *Pagenkopf*, the Alaska Supreme Court explained that

---

[52] *Benner*, 874 P.2d at 958.

[53] *Pagenkopf v. Chatham Elec., Inc.*, 165 P.3d 634, 641 (Alaska 2007) (quoting *Alaska Gen. Alarm*, 1 P.3d at 104); *see Alaska Gen. Alarm*, 1 P.3d at 102 (describing that "[t]he purpose of limiting fault allocation to joined parties – more specifically, to parties potentially liable to the plaintiff, rather than 'empty chair' defendants – was to ensure that fault was accurately litigated").

CBRE argues that it does not need to be joined as a third-party defendant in order for the Court to apportion fault against it. Docket 70 at 8, 11 (citing *Carriere v. Cominco Alaska, Inc.*, 823 F. Supp. 680 (D. Alaska 1993)). However, in *Benner*, the Alaska Supreme Court clarified that "*Carriere* overstates the initiative's scope" and rejected *Carriere*'s definition of "party" that "include[d] all persons whose negligence contributed to the plaintiff's injuries." 874 P.2d at 956.

[54] *Pagenkopf*, 165 P.3d at 641 (quoting *Alaska Gen. Alarm*, 1 P.3d at 101).

[55] *Id.* at 642 (citing *Benner*, 874 P.2d at 956-58).

[56] *Id.*

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 12 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 12 of 18

> Since promulgating Rule 14(c), we have described its equitable apportionment procedure as a cause of action that stands apart from the plaintiff's claim against the defendant – "a mechanism for spreading damages" that "bears a far closer relationship to [a traditional contribution action] than to the underlying tort action[]." But in addition to recognizing that equitable apportionment claims are distinct actions designed to help defendants apportion liability and damages, we have also emphasized that these claims provide a vital benefit to plaintiffs by "vindicating not just the right of defendants to have damages apportioned in accordance with their fault, but the commensurate duty of responsible third parties to pay plaintiffs."
> . . .
> In other words, the defendant undertakes the burden of proving the third-party claim; but the undertaking results in a twofold benefit: it provides a benefit to the defendant in the form of reduced damages reflecting the defendant's proportionate fault and to the plaintiff in the form of a third-party judgment ensuring full payment.[57]

The origin of AS § 09.17.080 as a ballot initiative, and its subsequent interpretation by the Alaska Supreme Court as a separate cause of action available to defendants to apportion fault where there are potentially multiple liable parties, indicates that Alaska public policy favors joining third-party defendants when they might be liable for a plaintiff's injuries.[58]

However, as CBRE correctly notes, when considering the enforceability of forum-selection clauses, the strong public policy at issue is defined more narrowly: a policy against enforcing forum-selection clauses in order to apportion fault under

---

[57] *Id.* (first quoting *Alaska Gen. Alarm*, 1 P.3d at 105; and then quoting *Alaska Gen. Alarm*, 1 P.3d at 102).

[58] *See Robinson v. U-Haul Co.*, 785 F. Supp. 1378, 1379 (D. Alaska 1992) ("[T]he people of this state through the initiative process have expressed a strong public policy rejecting joint and several liability.").

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 13 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 13 of 18

AS § 09.17.080.[59]  Generally, Alaska "construe[s] forum selection clauses broadly, releasing a party from a clause only when necessary to preserve justice or a compelling state interest."[60]  "Non-contractual claims, even those arising from Alaska statutory law and equitable principles, may be subject to a contract's forum selection clause if the claims arise out of or relate to the contractual terms."[61]

CBRE is correct that Walmart has not shown that Alaska has a strong public policy against enforcing a forum-selection clause in order to apportion liability to third-party defendants.  In *Gemini Technologies, Inc. v. Smith & Wesson Corp.*, the Ninth Circuit held that an Idaho statute established that the forum-selection clause violated the state's strong public policy.[62]  There, the statute provided that "'Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals . . . is void as it is against the public policy of Idaho.'"[63]  Here, AS § 09.17.080 does not contain a similar provision and the language of the statute does not otherwise suggest that a claim for third-party apportionment trumps the general enforceability of forum-selection clauses in Alaska.

---

[59] Docket 70 at 8, 10.

[60] *Resqsoft, Inc. v. Protech Sols, Inc.*, 488 P.3d 979, 984 (Alaska 2021) (citing *Nunez v. Am. Seafoods*, 52 P.3d 720, 723 (Alaska 2002)).

[61] *Id.* at 985 (citations omitted).

[62] 931 F.3d 911, 916 (9th Cir. 2019).

[63] *Id.* (quoting Idaho Code § 29-110(1)).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 14 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 14 of 18

Alternatively, the forum-selection clause could be unenforceable if there is a judicial decision establishing that enforcement of such a clause would violate Alaska's third-party apportionment scheme. In *Doe 1 v. AOL, LLC*, the Ninth Circuit recognized that a state court decision established that enforcing a forum-selection clause choosing Virginia state court would violate "California public policy that strongly favors consumer class actions, because consumer class actions are not available in Virginia state courts; and . . . enforcement of the forum selection clause violates the anti-waiver provision of [a state law]."[64] Walmart has not argued that Arkansas prohibits third-party apportionment for liability when there are multiple potentially liable parties. Nor has Walmart identified any anti-waiver provision in Alaska law that would be violated by enforcing the forum-selection clause.[65] Accordingly, because Walmart has not identified a statute or judicial decision establishing that Alaska has a strong public policy against enforcing a forum-selection clause when a third-party plaintiff invokes AS § 09.17.080 to apportion fault to a third-party defendant, the Court declines to find the forum-selection clause unenforceable on that basis.[66]

---

[64] 552 F.3d 1077, 1083-84 (9th Cir. 2009).

[65] To the contrary, the Alaska statute recognizes that certain potentially liable persons cannot be joined. *See* Alaska Stat. § 09.17.080(a)(2)(B).

[66] *See Resqsoft, Inc.*, 488 P.3d at 985 n.16 (citing *Volkswagenwerk, A. G. v. Klippan, GmbH*, 611 P.2d 498, 504 (Alaska 1980), for "enforcing forum selection clause for non-contractual tort claims despite party 'characteriz[ing] its action as . . . arising solely from Alaska statutory law and equitable principles rather than from contract'").

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 15 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 15 of 18

### b. Difficulty and Inconvenience

Walmart also claims that practicality favors keeping CBRE in this action because an "Arkansas court could not obtain jurisdiction over [Mr. Martin or the two additional third-party Defendants], as they are Alaska residents."[67] And fairness and judicial efficiency support litigating Walmart's third-party apportionment claim in this Court because it is "the only venue where the fault of all the parties can be fully litigated."[68] CBRE counters that "[t]here is nothing unfair about holding Walmart to its contractual bargain," particularly because CBRE's insurer is defending and indemnifying Walmart in the underlying action.[69]

Here, enforcing the forum-selection clause will not be so difficult and inconvenient as to deprive Walmart of its day in court. In the third-party complaint, Walmart asserts that CBRE breached the MSA and that CBRE should have fault apportioned under Alaska law. Walmart can bring the breach of contract claim in Arkansas, its principal place of business, and Walmart has not shown how dismissing the third-party complaint against CBRE would deprive Walmart of an opportunity to make its case that CBRE was at fault for Mr. Martin's injuries.

Accordingly, the MSA's forum-selection clause is enforceable.

---

[67] Docket 69 at 10.

[68] Docket 69 at 10.

[69] Docket 70 at 18, 20; *see* Docket 70 at 18-20.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 16 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 16 of 18

### III. Conditional Motion to Amend Third-Party Complaint

Walmart seeks leave to amend its third-party complaint if the Court determines that the third-party complaint fails to "adequately allege apportionable fault based on negligence" under AS §§ 09.17.080 and 09.17.900.[70] CBRE responds in opposition to Walmart's motion, arguing that Walmart's "conditional" motion is improper under the Federal Rules, the proposed amendment to Walmart's complaint still does not sufficiently allege negligence by CBRE, and "[t]he [MSA] does not contain any exceptions to the enforcement of the mandatory forum selection provision for 'negligence' allegations or for tort cases or for Alaska cases or for any jurisdictions that might have other statutes, such as the Alaska allocation of fault statute."[71]

The Court finds that, because Walmart's claim for apportionment as to any purported negligence by CBRE falls within the scope of the forum-selection clause and the forum-selection clause is enforceable, the Court denies Walmart's conditional motion to amend the third-party complaint because the proposed amendment would be futile.

### CONCLUSION

Based on the foregoing, CBRE's motion to dismiss at Docket 53 is GRANTED, Walmart's Conditional Motion to Amend its Third-Party Complaint at

---

[70] Docket 79 at 2.

[71] Docket 80 at 6. *See* Docket 80 at 2-7.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 17 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 17 of 18

Docket 79 is DENIED, and Walmart's third-party complaint is dismissed WITHOUT PREJUDICE as to CBRE.

DATED this 16th day of November, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re All Pending Motions
Page 18 of 18
Case 3:22-cv-00153-SLG   Document 85   Filed 11/16/23   Page 18 of 18