IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART SUPERCENTER STORE #2074, AKA WALMART INC., AKA WAL-MART ASSOCIATES, INC., AKA WAL-MART,<br><br>    Defendant and<br>    Third-Party Plaintiff,<br><br>    v.<br><br>CBRE, INC., VALLEY CAPITAL, INC., and DENALI INDUSTRIAL, LLC,<br><br>    Third-Party Defendants. | Case No. 3:22-cv-00153-SLG |

## **ORDER RE PENDING MOTIONS**

This case arose after Jason Martin sued Walmart, Inc. ("Walmart") in Alaska state court for negligence after he slipped and fell on ice on a sidewalk outside a Walmart store in Wasilla, Alaska.[1] Walmart removed the action to federal court[2] and filed a third-party complaint against CBRE, Inc. ("CBRE"), alleging that it had

---

[1] Docket 1-1 at 1-2.

[2] Docket 1 at 1-3.

contracted with CBRE to maintain the sidewalk.[3]  CBRE moved to dismiss the third-party complaint against it based on a forum selection clause in its contract with Walmart that required "any action, suit, or proceeding concerning [the contract] or any Scope of Work shall be brought only in the federal or state courts of Arkansas."[4]  The Court granted CBRE's motion and dismissed Walmart's third-party complaint as to CBRE.[5]

Now before the Court at Docket 92 is CBRE's Motion for Entry of Final Judgment.  Walmart responded in opposition at Docket 93, to which CBRE replied at Docket 95.  Also before the Court is Walmart's Motion for Ruling of Law That Fault May Be Apportioned to CBRE at Docket 91.  CBRE filed its response at Docket 94, to which Walmart replied at Docket 96.

I.  **Entry of Final Judgment**

Federal Rule of Civil Procedure 54(b) authorizes a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) therefore "allows a district court to certify an issue for immediate appeal as a partial judgment when multiple claims or parties are involved in a suit, a final decision as

---

[3] Docket 26 at ¶¶ 8, 11, 20-22.

[4] Docket 55-1 at 8; see Docket 54 at 1-2.

[5] Docket 85 at 17-18.  The Court also denied Walmart's subsequent Motion for Reconsideration. Docket 90.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re Pending Motions
Page 2 of 7
Case 3:22-cv-00153-SLG   Document 98   Filed 01/10/24   Page 2 of 7

to one or more claims has been rendered, and the court finds there is no just reason for delay."[6] It is within the "discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration . . . to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals."[7]

CBRE's motion asks the Court to enter a final judgment in its favor on Walmart's third-party complaint against CBRE because it maintains "[t]here are no unresolved claims remaining as between Walmart and CBRE."[8] Its motion did not address Rule 54(b). Walmart responded that CBRE did not show that the entry of a final judgment solely as to CBRE is proper under Rule 54(b) and, further, there is just reason to delay because the entry of such a partial final judgment "would trigger the deadline for Walmart's appeal of" the Court's dismissal order and could result in piecemeal appeals.[9] In reply, CBRE contends that "there is no just reason to delay a judgment acknowledging all claims of Walmart against CBRE are dismissed (without prejudice)."[10] CBRE also maintains that it did not address Rule

---

[6] *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1160 (9th Cir. 2023).

[7] *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

[8] Docket 92 at 2.

[9] Docket 93 at 3.

[10] Docket 95 at 1-2.

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re Pending Motions
Page 3 of 7
Case 3:22-cv-00153-SLG   Document 98   Filed 01/10/24   Page 3 of 7

54(b) in its motion because "it did not appear that Rule 54(b) was necessary for the Court to enter a judgment as to CBRE in this case."[11] CBRE acknowledges that it "did not see an alternative Rule, and so, filed the Motion in the manner that seemed proper and practical."[12] It cites *Alaska v. de la Vega* in support of its assertion that the Court can enter final judgment for CBRE without a Rule 54(b) determination and claims that "[i]f the Court enters the judgment as requested by CBRE in its Motion, there is no Rule 54(b) determination, and as such, no 'triggering' of the time for Walmart's appeal."[13]

According to the plain language of Rule 54(b), a district court may only enter final judgment as to fewer than all parties if the court expressly determines that there is no just reason for delay. CBRE cites no other rule or authority that gives a district court the authority to disregard the stricture of Rule 54(b) and enter a final judgment as to CBRE when the Court has not yet resolved all claims as to all parties.[14] Applying Rule 54(b), the Court declines to find there is no just reason for delay. As Walmart correctly notes, the entry of a final judgment as to CBRE

---

[11] Docket 95 at 2.

[12] Docket 95 at 2.

[13] Docket 95 at 2-4 (citing *Alaska v. de la Vega*, Case No. 3:17-cv-00013-SLG, 2021 WL 415123 (D. Alaska Feb. 5, 2021)).

[14] *See Bernstein v. Kemper Indep. Ins. Co.*, ___ F. Supp. 3d ___, Case No. 2:20-cv-02517-DAD-JDP, 2023 WL 3076927, at *5 n.4 (E.D. Cal. Apr. 25, 2023) (disregarding standalone proposed judgment in favor of dismissed defendant because it was not accompanied by a motion seeking entry of final judgment under Rule 54(b)).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re Pending Motions
Page 4 of 7
Case 3:22-cv-00153-SLG   Document 98   Filed 01/10/24   Page 4 of 7

would start the clock for Walmart to appeal the Court's dismissal of Walmart's third-party complaint as to CBRE.[15] The Court finds that entering final judgment for CBRE at this juncture could well result in piecemeal appeals on closely related issues, and hence this Court declines to enter judgment as to CBRE at this time.

CBRE's reliance on *de la Vega* is unavailing. In that case, this Court initially entered judgment following entry of an order that addressed only one of two sets of distinct claims and did so without reference to Rule 54(b).[16] After certain parties appealed from that judgment, this Court sua sponte entered an order amending the judgment in an effort to clear up any "potential confusion the entry of a partial judgment without a Rule 54(b) certification could cause at the appellate level."[17] This Court's subsequent order made the requisite Rule 54(b) findings and directed the Clerk of Court to issue an amended judgment that included the express determination required by that rule.[18] If anything, *de la Vega* reflects the district court's recognition, albeit belatedly, of the need for including the Rule 54 certification in a judgment when, as here, the claims of all parties have not yet been adjudicated.[19]

---

[15] *See* Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal in a civil case "must be filed . . . within 30 days after entry of the judgment or order appealed from").

[16] *De la Vega*, 2021 WL 415123, at *1.

[17] *Id.*

[18] *Id.* at *3.

[19] *See Serv. Emps. Int'l Union, Loc. 102 v. County of San Diego*, 60 F.3d 1346, 1349 (9th Cir. 1994) ("A final judgment . . . is a decision by the District Court that ends the litigation on the

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re Pending Motions
Page 5 of 7
Case 3:22-cv-00153-SLG   Document 98   Filed 01/10/24   Page 5 of 7

For the foregoing reasons, the Court denies CBRE's motion for the entry of final judgment.

## II. Ruling of Law

Walmart asks the Court for an order declaring that the jury will be allowed to apportion fault to CBRE in its absence pursuant to Alaska Statute ("AS") § 09.17.080.[20] CBRE in large part does not dispute Walmart's interpretation of the Alaska statute, but maintains that "Walmart would only be entitled to a ruling by the Court that allows Walmart the opportunity to establish negligence of CBRE and allow[s] the jury to allocate fault if Walmart meets its burden with the jury."[21]

Section 09.17.080(a)(2) directs a court to instruct a jury to make special findings allocating fault to non-parties that may be potentially responsible for a plaintiff's damages unless the parties had "a sufficient opportunity to join that person in the action but chose not to." The statute further recognizes that a party does not have a "sufficient opportunity to join" a person when precluded from doing so by court order.[22]

---

merits and leaves nothing for the court to do but execute the judgment." (alteration in original) (citation omitted)).

[20] Docket 91 at 2-7; Docket 91-1 at 2.

[21] Docket 94 at 3.

[22] AS § 09.17.080(a)(2)(B).

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re Pending Motions
Page 6 of 7
Case 3:22-cv-00153-SLG   Document 98   Filed 01/10/24   Page 6 of 7

Here, this Court's ruling enforcing the forum selection clause in the Walmart/CBRE contract has eliminated Walmart's opportunity to keep CBRE as an active party subject to civil liability in this action. Accordingly, pursuant to AS § 09.17.080, at trial, Walmart will have the opportunity to seek to allocate fault to CBRE for Plaintiff's damages, but only "as a measure for accurately determining the percentages of fault" of the remaining parties, including Walmart.[23] Further, if Walmart presents sufficient evidence for this claim to go to the jury, the Court will instruct the jury that it may allocate fault to CBRE.

## CONCLUSION

Based on the foregoing, CBRE's Motion for Entry of Final Judgment at Docket 92 is DENIED. Walmart's Motion for Ruling of Law That Fault May Be Apportioned to CBRE at Docket 91 is GRANTED as set forth above.

DATED this 10th day of January, 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[23] AS § 09.17.080(c) ("Assessment of a percentage of fault against a person who is not a party does not subject that person to civil liability in that action and may not be used as evidence of civil liability in another action.").

Case No. 3:22-cv-00153-SLG, *Martin v. Walmart Supercenter Store #2074, et al.*
Order re Pending Motions
Page 7 of 7
Case 3:22-cv-00153-SLG   Document 98   Filed 01/10/24   Page 7 of 7